United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60526
Summary Calendar

CHARLIE TAYLOR,

Plaintiff-Appellant,

versus

DONALD A. CABANO, Superintendent; JOAN ROSS, Disciplinary
Chairperson; LARRY HARDY, Adjudicator,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-18
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charlie Taylor, Mississippi prisoner # R6798, appeals the district court's dismissal of his civil rights complaint under 42 U.S.C. § 1983 for failure to exhaust administrative remedies.

Taylor argues that he exhausted his administrative remedies. In support of this argument, he contends only that he "filed several grievances and Rule Violation Report(s) appeals to defendant Larry Hardy who rejected them or ignored them pursuant to MISS. CODE ANN. § 47-5-801, MDOC policy 20-08-01. See Gates v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Collier</u>, et al No. GC71-CV-6-S-D, Order dated February 15, 1994."
Taylor further asserts that "[t]he rejection and ignoring of
Taylor's grievances and rule violation report appeals has satisfied
the exhaustion requirement under 42 U.S.C. § 1997e(a)." Taylor does
not give any specifics concerning his "rejected" or "ignored"
grievances, nor does he explain how he exhausted administrative
remedies by filing those grievances. Therefore, he has abandoned
the only issue before this court. See <u>Hughes v. Johnson</u>, 191 F.3d
607, 612-13 (5th Cir. 1999).

Taylor's appeal is without arguable merit and is thus
frivolous. See <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).
Accordingly, we DISMISS his appeal as frivolous. 5TH CIR. R. 42.2.